By the Court
 

 (Marshall, C. J.).
 

 The Lake Shore Electric Railway Company prosecutes error from an order of the Public Utilities Commission finding that a certain operation of the Lake Shore Electric Railway Company constitutes that company a motor transportation company, under the provisions of Section 614-84 of the General Code.
 

 The order of the commission was made upon the following admitted facts: The Lake Shore Company operates an electric railway between the city of Toledo and the city of Cleveland. In conjunction with that operation, and auxiliary to it, it operates what is called “Bonnar Rail Wagon,” which is an ordinary highway
 
 *589
 
 trailer so built as to be hauled by means of a tractor over the highway, and which can also be loaded upon a railroad flat car and thus transported over the rails of the railway company to a destined point, and there unloaded from the flat car and again hauled by means of a tractor over the highway to the ultimate point of unloading. It is the practice of the electric railway company to use the wagon and tractor in gathering freight at Toledo and hauling it to a ramp about 1,500 feet outside of the corporate limits of Toledo, where it is loaded upon the flat car and thence hauled to a point about 19 miles west of Cleveland, where the wagon is unloaded and hauled by means of a tractor either to the station of the railway company in the city of Cleveland or to the customers where the merchandise is intended for final delivery. The same operation is conducted out of Cleveland' in the delivery of goods destined for Toledo.
 

 The railway company is a common carrier, but is not exclusively operating as a motor transportation company as defined by Section 614-2, General Code, which provides as follows:
 

 “When engaged in the business of carrying and transporting persons or property, or both, or of providing or, furnishing such transportation service, for hire, in or by motor propelled vehicles of any kind whatsoever, including trailers for the public in general, over any public street, road or highway in this state, except as otherwise provided in Section 614-84, is a motor transportation company;
 

 “The term ‘motor propelled vehicle’ when used in this chapter means any automobile, automobile truck, motor bus, or any other self-propelled vehicle not operated or driven upon fixed rails or track.”
 

 For a distance of 1,500 feet outside of Toledo, and for the distance of 19 miles outside of Cleveland, the operation is over the highway outside of Toledo, on the one hand, and outside of Cleveland, on the other. The
 
 *590
 
 operation does not therefore come within the exception in Section 614-84, giving municipalities exclusive control of the regulation.
 

 It was the order of the commission that the operation for the distance of 1,500 feet outside of Toledo and the 19 miles outside of Cleveland be declared to be a motor transportation operation, and that it be subjected to regulation as such.
 

 It is the insistence of plaintiff in error that the statute can only apply where the operation by means of the motor-propelled vehicle is continuous between origin and destination, and that, by reason of the fact that a portion of the transportation is “upon fixed rails or track,” it is excepted from the language of Section 614-2.
 

 The conveyance of the wagon by means of the flat car from the ramp near Toledo to the ramp west of Cleveland is certainly not, standing alone, a motor transportation service. It is equally certain that the conveyance of the wagon for a distance of 1,500 feet outside of Toledo, and for a distance of 19 miles west of Cleveland, is a motor transportation service. It is an operation for hire, even though the cost of that portion of the transportation over the highways by means of the wagon and tractor is not separated from the cost of the transportation by means of the flat car upon the rails. The electric railway company is in the position of operating two different characters of public utility service. The one must be regulated according to the provisions of the Code applying to that particular service, and the other must be regulated according to the provision of the Code applying to that character of service. The fact that the two kinds of service are performed by the same company, and that they are in conjunction with each other, and that neither is complete without the other, cannot be held to change the ultimate right of the commission to subject each of the services to appropriate regulation. The construe
 
 *591
 
 tion contended for by tbe railway company would require something to be incorporated into the statute by interpretation, which, when incorporated, would change the meaning of the statute.
 

 “While the facts are by no means parallel, there is such analogy to other cases heretofore decided by this court that the principles declared in those cases must be held to control.
 
 N. Y. Cent. Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 121 Ohio St., 588, 170 N. E., 574;
 
 Railway Express Agency, Inc.,
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 159, 174 N. E., 356;
 
 N. Y. Cent. Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 370, 175 N. E., 596;
 
 Pennsylvania Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 655, 176 N. E., 573.
 

 The order of the commission will be affirmed.
 

 Order affirmed.
 

 Jones, Matthias, Day, Allen, Kinkade and Stephenson, JJ., concur.